UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN CAPRIOLE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., and DARA KHOSROWSHAHI,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*  Civil Action No. 1:19-cv-11941-IT<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

March 20, 2020

TALWANI, D.J.

    Plaintiff John Capriole brings claims, on his own behalf and on behalf of drivers who have worked in Massachusetts for Defendant Uber Technologies, Inc. (Uber), based on Uber's alleged misclassification of drivers as independent contractors.[1] Before the court is Plaintiff's Motion for Injunctive Relief [#4] seeking a preliminary injunction to immediately enjoin Uber from misclassifying Massachusetts drivers as independent contractors and to require Uber to reclassify these drivers as employees and to comply with Massachusetts wage laws. For the following reasons, Plaintiff's Motion for Injunctive Relief [#4] is DENIED.

I.    Procedural History

    Plaintiff filed this putative class action, on his own behalf and on behalf of similarly situated Uber drivers in Massachusetts, under the Massachusetts Wage Act, M.G.L. c. 149, §§ 148, 148B, and M.G.L. c. 151, §§ 1, 1A, and the Uniform Declaratory Judgment Act, 28

---

[1] Plaintiff also names Defendant Dara Khosrowshahi, as President of Uber.

U.S.C. §§ 2201, et seq., alleging misclassification and non-payment of minimum wage and overtime. Capriole also filed the pending motion, asking the court to "immediately enjoin Uber from misclassifying its drivers as independent contractors, rather than employees" and to "require that Uber reclassify its drivers as employees and . . . comply with Massachusetts wage laws." Pl's Mot. for Injunctive Relief 20 [#4].

Defendants responded with a Motion to Compel Arbitration and to Stay Proceedings [#10] and a Motion to Transfer Venue [#12].[2] After briefing was complete on the pending motions, Capriole amended his complaint to add a claim alleging violations of the Massachusetts Earned Sick Time Law, M.G.L. c. 149, § 148C. Am. Compl. [#40].[3]

The court begins here with the Motion for Injunctive Relief [#4], rather than the Motion to Compel Arbitration, for two reasons. First, if Defendants are correct that arbitration is required, the court still retains the power to grant interim relief, if otherwise justified, for the interval needed to resort to the arbitrator. Next Step Med. Co. v. Johnson & Johnson Int'l., 619 F.3d 67, 70 (1st Cir. 2010). Second, Plaintiff has argued that the "public injunction" he seeks precludes a referral to arbitration.[4]

II.     Analysis

A preliminary injunction is an extraordinary and drastic measure. Munaf v. Geren, 553 U.S. 674, 689 (2008). Its purpose "is merely to preserve the relative positions of the parties until

---

[2] Defendants' motions [#10] and [#12] will be addressed in a separate order.
[3] Because the Amended Complaint [#40] was filed well after briefing on Plaintiff's Motion for Injunctive Relief [#4] was complete, this Order does not address Plaintiff's allegations of individual or class-wide harm posed by the current COVID-19 pandemic.
[4] The Motion to Transfer Venue [#12] poses no challenge to the court's authority to address the Motion for Injunctive Relief [#4] first, as Defendants seek a transfer under 28 U.S.C. § 1404(a), not a dismissal under 28 U.S.C. § 1406(a) for defective venue. See Defs' Motion to Transfer Venue 3, n.3 [#12].

a trial on the merits can be held." Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). In order to grant a preliminary injunction under Fed. R. Civ. P. 65(a), the court must find that 1) the plaintiff is likely to succeed on the merits of his claims; 2) the plaintiff will suffer irreparable injury in the absence of a preliminary injunction; 3) such injury outweighs any harm to the defendant; and 4) the injunction will not harm public interest. Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). For purposes of this opinion only, the court assumes that Plaintiff is likely to succeed on the merits of his claims.

Plaintiff argues that he meets the irreparable injury prong based on the alleged injury faced by the public writ large throughout Massachusetts on account of Uber's misclassification of workers. Pl's Mot. for Injunctive Relief 16-18 [#4]. Specifically, Plaintiff asserts that Uber's misclassification of Massachusetts drivers "degrades the entire economy," causes lost tax revenue, and harms other businesses who classify their workers properly. Id. 17-18. Plaintiff emphasizes that the injunction that he seeks "is in the nature of a public injunction" and is not solely for his benefit or the benefit of other Uber drivers. Id. 17; see also Am. Compl. ¶ 44 [#40].[5]

Plaintiff urges the court to "follow" a California Supreme Court decision, McGill v. Citibank, N.A., 2 Cal.5th 945 (2017). In McGill, the court pointed to two earlier decisions where it had found "that the statutory remedies available" for three consumer protection statutes

---

[5] Although Plaintiff states that drivers will suffer irreparable harm and that "even working full-time, Uber drivers struggle to string together a livelihood," resulting in "unpaid medical bills" and "nights spent sleeping in a car," see Pl's Mot. for Injunctive Relief and Mem. 17 [#4], he offers no evidence in support of these claims. And in response to Defendants' contention that the harms Plaintiff claims that he and other drivers will suffer can be remedied by compensatory awards, Defs. Opp'n to Mot. for Injunctive Relief 15 (citing NACM-New England, Inc. v. Nat'l Assoc. of Credit Mgmt, Inc., 927 F.3d 1, 5 (1st Cir. 2019) and Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 36 (1st Cir. 1986)) [#11], Plaintiff merely points back to alleged harms suffered by the public writ large. Pls' Reply 14-15 [#14].

3

"include public injunctive relief." Id. at 951 (citing Cruz v. PacifiCare Health Systems, Inc., 30 Cal.4th 303, 315-16 (2003) and Broughton v. Cigna Healthplans of Cal., 21 Cal.4th 1066, 1077 (1999)). The court explained that "public injunctive relief" was "injunctive relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." Id. The court held that if public injunctive relief is available, a plaintiff cannot waive the statutory right to seek such relief in court by signing an arbitration agreement. Id. at 961-63. Plaintiff argues "that there is no difference between Massachusetts law and California law" on the subject of public injunctions. Pls' Mot. for Injunctive Relief 15 [#4]. But Plaintiff's argument skips a step.

Even assuming that Massachusetts courts would follow McGill in rejecting arbitration agreements where a statutory scheme provides for public injunctive relief, the court must determine first whether "public injunctive relief" is available to Plaintiff based on the specific statutory claims asserted. Unlike the consumer protection statutes at issue in McGill, the Massachusetts Wage Act includes no provisions for public injunctive relief. Instead, the statutory scheme allows a plaintiff to "institute and prosecute in his own name and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits . . .". M.G.L. c. 149, § 150. The statute explicitly contemplates class-wide relief but includes no provisions that allow for injunction for the public benefit. As the McGill court noted, "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff—or to a group of individuals similarly situated to the plaintiff—does not constitute public injunctive relief." 2 Cal.5th at 955.

California courts have reached similar findings in claims alleging misclassification brought under California wage laws. For example, a California court recently rejected a driver's

motion for a public injunction, holding that the injunction sought for alleged misclassification was private, not public. Colopy v. Uber Techs., Inc., 2019 WL 6841218 at *2 (N.D. Cal. Dec. 16, 2019). See also Magana v. DoorDash, Inc., 343 F.Supp. 3d 891, 901 (N.D. Cal. 2018) (holding that injunctive relief sought for misclassification claims alleging violations of the California Labor Code was not a "public" injunction, as the claims had the "primary purpose and effect of redressing and preventing harm to [defendant's] employees").

Finally, Plaintiff asks the court to certify a question to the Massachusetts Supreme Judicial Court to determine whether Massachusetts law will follow the rule in McGill such that the right to claims for public injunctive relief cannot be thwarted through the use of an arbitration clause. Pl's Mot. for Injunctive Relief 15 n.17 [#4]; Pl's Reply in Support of Mot. for Injunctive Relief 2 [#14]. But again, this request is misplaced. The threshold issue is not whether a statutory scheme allowing plaintiffs to sue for public injunctive relief may be thwarted by arbitration provisions, but whether the statutory scheme at issue here allows for a public injunction.

Because Plaintiff has not made a sufficient showing of immediate threat of irreparable harm, the court need not reach the other factors in the preliminary injunction analysis. See Pub. Serv. Co. of N.H. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir. 1987).

III. Conclusion

Accordingly, Plaintiff's Motion for Injunctive Relief [#4] is DENIED.

IT IS SO ORDERED.

Date:   March 20, 2020                                    /s/ Indira Talwani
                                                          United States District Judge