# EXHIBIT B

MANATT, PHELPS & PHILLIPS, LLP
Benjamin G. Shatz (Cal. Bar No. 160229)
E-mail: BShatz@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for Former California Governors
Gray Davis and Arnold Schwarzenegger

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**04/22/2020**
**Clerk of the Court**
**BY: ERNALYN BURA**
**Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHN ROGERS, AMIR EBADAT, and HANY FARAG,<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC.,<br><br>Defendant. | No. CGC-20-583685<br><br>**MOTION FOR LEAVE TO FILE AMICUS BRIEF FROM FORMER CALIFORNIA GOVERNORS URGING THE DENIAL OF THE MOTION SEEKING AN EMERGENCY PRELIMINARY PUBLIC INJUNCTION**<br><br>Judge: Hon. Ethan Schulman, Dept. 302<br>Hearing: TBD<br>Action Filed: March 12, 2020 |

  Former California Governors Gray Davis and Arnold Schwarzenegger respectfully request leave to submit a very short amicus brief urging the denial of the pending motion seeking an emergency preliminary public injunction.

  Defendant's counsel consented to the filing of this brief; Plaintiffs' counsel did not respond to a request for consent.

  No party or party's counsel provided any funding for this brief.

Dated: April 22, 2020

MANATT, PHELPS & PHILLIPS, LLP

By: *s/Benjamin G. Shatz*
  Attorneys for Former California Governors
  Gray Davis and Arnold Schwarzenegger

MANATT, PHELPS & PHILLIPS, LLP
Benjamin G. Shatz (Cal. Bar No. 160229)
E-mail: BShatz@Manatt.com
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
Telephone: 310.312.4000
Facsimile:  310.312.4224

Attorneys for Former California Governors
Gray Davis and Arnold Schwarzenegger

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JOHN ROGERS, AMIR EBADAT, and HANY FARAG,<br><br>    Plaintiffs,<br><br>  v.<br><br>LYFT, INC.,<br><br>    Defendant. | No. CGC-20-5843685<br><br>**AMICUS BRIEF FROM FORMER GOVERNORS URGING THE DENIAL OF THE MOTION SEEKING AN EMERGENCY PRELIMINARY PUBLIC INJUNCTION**<br><br>Judge: Hon. Ethan Schulman, Dept. 302<br>Hearing: TBD<br>Action Filed: March 12, 2020 |

**AMICUS BRIEF**

As former chief executives of the State of California, we respectfully urge the Court to deny Plaintiffs' emergency request for preliminary injunction. On March 20, Governor Gavin Newsom declared a state of emergency in California requiring tens of millions of Californians to adhere to the most sweeping public health measures in our nation's history. California's Constitution grants this extraordinary power to governors in times of crisis for one reason: to save lives. We can think of no worse time to thrust millions of Californians into legal and political chaos than now in the midst of national crisis.

This Court should deny the request for an emergency injunction because Plaintiffs cannot demonstrate that they and those similarly situated are likely to suffer irreparable harm. (*Cal. Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Estate Grp.* (2011) 193 Cal.App.4th

849, 857 [irreparable harm is a cornerstone of the availability of injunctive relief].)

On March 27, 2020, the President signed into the law the Coronavirus Aid, Relief, and Economic Security (CARES) Act (Public Law No. 116-136). This $2.2 trillion nationwide emergency relief package is unprecedented in scope and designed to rescue the American economy from a public health and economic disaster unseen in modern history. On a rare, bipartisan basis, Congress and the President enacted these emergency measures with thoughtfully crafted provisions that specifically address small businesses, self-employed freelancers, independent contractors, and workers in the so-called "gig economy." The emergency request before this Court, if granted, would throw eligibility for this emergency relief for millions of Californians into question.

In particular, the CARES Act extends unemployment benefits (including an extra $600 per week) to all employees and independent contractors (e.g., gig-workers / LYFT drivers) adversely impacted by COVID-19. In effect, this federal legislation puts all workers, employed and independent contractors on the same basic footing. Most importantly, the CARES Act moots the essential showing required to sustain injunctive relief, irreparable harm. The CARES Act obviates Plaintiffs' concerns of imminent and irreparable harm.

Moreover, there are nearly 40 bills currently before the California Legislature that, if passed, will address some of the very concerns at the center of this litigation. In short, the combination of the CARES Act, providing the Plaintiffs with immediate and short term economic relief, coupled with a potential legislative solution, combine to illustrate why emergency injunctive relief is improper and unwarranted at this time.

It is estimated that freelance work contributes nearly $1 trillion to the American economy — approaching 5% of U.S. GDP.[1] California is uniquely impacted by this global and generational shift in our workforce. More than a quarter of California's economy is powered by freelance and independent work — from journalists, to software consultants, to on-demand drivers, web

---

[1] Adam Ozimek, *Freelancing in America 2019* (https://www.upwork.com/i/freelancing-in-america/).

designers, and home repair experts — this new tech-enabled generation of California's workforce engages in the highest level of independent work of any age bracket in generations.

Thousands of businesses providing "essential" services during the COVID-19 emergency rely on independent contractors, including hospitals, food delivery services and transportation network companies, and are urgently trying to maintain access to essential services for vulnerable citizens during this unprecedented crisis. Indeed, rural hospitals that rely on independent healthcare contractors for surge staffing, are reeling from restrictions on contract staffing.[2]

If nothing else, the COVID-19 crisis has starkly demonstrated that addressing the needs and challenges of millions of citizens who choose freelance and independent work, while attempting to protect a subset of illegally misclassified workers, is an extremely complex issue with national implications given the massive, irreversible shift in the American workforce and the new reality we all face in a post-coronavirus world. It may be that an overhaul of programs designed to protect employees, such as paid sick-leave, unemployment insurance, and workers' compensation, is necessary before reclassification can be implemented without doing more harm than good to the very people these laws are designed to protect. In fact, the Legislature is currently considering 40 bills that attempt to clarify, revise, or repeal provisions of the law at issue in this proceeding.[3]

The COVID-19 pandemic, and the extreme measures required to combat the spread of this deadly virus, represent a grave threat to the lives of millions and the very future of the State we love. Attempting to force resolution of this complex issue in the middle of this national emergency would precipitate another disaster for millions of Californians at the exact moment they need steady thoughtful leadership the most.

Lives are at stake. We strongly and respectfully urge that these issues should be addressed through proper legislative and procedural channels outside the context of an emergency request during a national emergency, and thus that Plaintiffs' motion be denied.

---

[2] Katy Grimes, "AB 5 Making Coronavirus Crisis Worse in California's Rural Areas Lacking Independent Healthcare Contractors," Cal. Globe (Mar. 23, 2020).

[3] Sofia Bollag, "California workers blame new labor law for lost jobs and Lawmakers are scrambling to fix it. 2/10/20," N. Bay Bus. J. (Feb. 20, 2020).

| | |
|---|---|
| Dated: April 22, 2020 | MANATT, PHELPS & PHILLIPS, LLP<br><br>By: *s/Benjamin G. Shatz*<br>    Attorneys for Former California Governors<br>    Gray Davis and Arnold Schwarzenegger |